IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| RICHARD ZINNAMON, | : | |
| Plaintiff | : | |
| VS. | : | |
| Warden C. NELSON, Unit Manager DAVID WHITE, and Counselor SAKITA CAISON, | : | NO. 1:06-cv-160 (WLS) |
| Defendants | : | **ORDER** |

Plaintiff **RICHARD ZINNAMON**, a prisoner at the Pelham Pre-Release Center in Pelham, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (Tab # 1). Based on plaintiff's submissions, the Court finds that plaintiff is unable to pay the prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

*I. STANDARD OF REVIEW*

*A. 28 U.S.C. § 1915(e)(2)*

Zinnamon v. Nelson et al    Doc. 4

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon v. King & Spalding***, 467 U.S. 69, 73 (1984)).

### B. *General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See **Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

### II. BACKGROUND

Since May 24, 2006, plaintiff has been confined at a pre-release center. Plaintiff alleges in his complaint that prison officials have denied him the opportunity to learn a vocation and thus

be rehabilitated upon his release from prison. According to plaintiff, he advised the defendants that "he needs additional help in order to stay out of prison" in the future, but that the defendants have refused to assign plaintiff to a job outside the prison or place him in any vocational courses. Plaintiff acknowledges that the defendants informed him that the reason he is not allowed to work outside the prison is because plaintiff escaped from prison 15 years ago. It is unclear from plaintiff's complaint, but apparently because plaintiff is not allowed to work outside the prison, he is not qualified for placement in any vocational classes. As a result, plaintiff claims that he dislikes authority figures and fears that he is likely to return to prison because of his lack of discernible job skills. For the above alleged violations, plaintiff seeks $2 million dollars in damages.

### *III. DISCUSSION*

There is no constitutional right for a prisoner to have a job or to be rehabilitated in prison, and prison officials have discretion to act for any reason or no reason at all in making work assignments. *See e.g., **Lomholt v. Holder***, 287 F.3d 683, 684 (8th Cir.2002) (per curiam) (prisoners do not have a constitutional right to a particular prison job); ***Rizzo v. Dawson***, 778 F.2d 527, 530 (9th Cir. 1985) (no right to vocational course for rehabilitation). Furthermore, under the due process clause, a prisoner can challenge the conditions of his confinement only if the state "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prisoner life." ***Sandin v. Conner***, 115 S. Ct. 2293 (1995). Plaintiff's failure to receive a job or job training while in prison
does not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life. ***Wallace v. Robinson***, 940 F.2d 243, 248 (7th Cir. 1991) (inmates have no

constitutionally protected interest in a prison job).

## III. CONCLUSION

Based on the foregoing, the complaint against the defendants should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this ___7th___ day of December, 2006.

_____
W. LOUIS SANDS
UNITED STATES DISTRICT JUDGE